UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAYMOND LU,                                    Docket No.:  12 cv 2198(AJN)

                                       Plaintiff,


              -v.-


CITY OF NEW YORK, JACOB HABIB, ASHA
WHITE and ERIN TIERNEY,                         ___***COMPLAINT***___

                                      Defendants.
------------------------------------------------------------------X

     Plaintiff, by his attorneys, SAKKAS, CAHN & WEISS, LLP, complaining of the

defendants, respectfully sets forth the following:

### I N T R O D U C T O R Y    S T A T E M E N T

    1.    The plaintiff, RAYMOND LU ("LU") brings this case for, among other things,

the violation of his civil rights, his false arrest and imprisonment and malicious prosecution

arising out of an incident that occurred on December 17, 2010 at Starbucks on 684 Avenue of

the Americas, New York, New York where LU worked.

### T H E    P A R T I E S    T O    T H I S    C A S E

    2.    At all times herein mentioned, LU was and still is a resident of the State of New

York, County of Queens.

    3.    At all times herein mentioned, defendant the CITY OF NEW YORK was and

still is a municipal corporation, created and/or organized and existing under and by virtue of the

laws of State of New York.

-1-

4.      At all times herein mentioned, defendant JACOB HABIB ("HABIB") was a police officer and detective employed by defendant the CITY OF NEW YORK.

5.      At all times herein mentioned, ASHA WHITE ("WHITE") was an assistant district attorney employed by the defendant the CITY OF NEW YORK.

6.      At all times herein mentioned, ERIN TIERNEY ("TIERNEY") was an assistant district attorney employed by the defendant the CITY OF NEW YORK.

7.      At all times herein mentioned, HABIB, WHITE and TIERNEY acted in the course and scope of their duties as an employees of the defendant the CITY OF NEW YORK.

8.      At all times herein mentioned, HABIB, WHITE and TIERNEY acted pursuant to the authority conferred upon them by the defendant the CITY OF NEW YORK.

9.      At all times herein mentioned, the defendant the CITY OF NEW YORK was vicariously liable for the acts of defendants HABIB, WHITE and TIERNEY.

10.      At all times herein mentioned, the defendants acted under color of state law.

## F A C T U A L     A L L E G A T I O N S

11.      On December 17, 2010 at the said Starbucks a customer by the name of Katherine Romaine ("Ms. Romaine") lost her wallet.  It was later found by a Starbucks employee by the name of Chanel Stokes ("Ms. Stokes").

12.      Ms. Stokes advised LU, who was the Shift Manager and the highest ranking employee in the Starbucks at the time, about the wallet and put the wallet in the office.

13.      LU, in accordance with Starbucks' procedures, inspected the wallet in the presence other Starbucks employees to see if there was anything in it by which to identify the owner.  LU found nothing in the wallet to identify the owner.

-2-

14.    Later in the day on December 17, 2010 Ms. Romaine returned to Starbucks, by which time LU's shift had ended and he had left.  The Night Shift Manager, Jessica Blandino, returned Ms. Romaine's wallet to her, but without cash and credit cards that Ms. Romaine claimed were in the wallet when she lost it.

15.    Ms. Romaine filled out a Starbucks' *Incident Report Form* in which she indicated that she visited the Starbucks at approximately 2:00 PM or 2:30 PM and after leaving the store at some "much later" time discovered her wallet was missing.  Ms. Romaine further indicated in the *Incident Report Form* that she returned to Starbucks, "and found the wallet had been handed in, but entire contents had been taken."

16.    On January 12, 2011 LU presented himself to the 13th Precinct at the request of HABIB.  HABIB took a statement from LU in which LU denied taking the contents of Ms. Romaine's wallet.  HABIB arrested LU and charged LU with seven counts of grand larceny in the fourth degree pursuant to New York Penal Law §155.30(4).

17.    On January 12, 2011 HABIB swore out a criminal complaint against LU in which he alleged the following:

    (i)     on video surveillance HABIB observed an individual drop a

            wallet onto the ground;

    (ii)    on video surveillance HABIB observed a store employee pick up

            the wallet and hand it to LU;

    (iii)   on video surveillance HABIB observed that "no other

            individuals" touched the wallet from the time it was dropped until

            it was picked up and handed to LU;

-3-

(iv)    on video surveillance HABIB observed LU looking through the

wallet;

(v)    on video surveillance HABIB observed that the wallet contained

"multiple items" as LU looked through it.

18.    A true, accurate and complete copy of the criminal complaint sworn out by

HABIB is annexed as Exhibit "A".

19.    WHITE and TIERNEY were the assistant district attorneys assigned to the

criminal case against LU.

20.    WHITE advised LU's criminal defense lawyer, Susan Walsh, that she had

personally reviewed the video surveillance from Starbucks and that it substantiated the criminal

case against LU.

21.    On August 5, 2011 all charges against LU were dismissed.  The charges against

LU were dismissed on the grounds that the New York County District Attorney was not ready

for trial within six months of the commencement of the criminal action against LU, pursuant to

New York Criminal Procedure Law §30.30(1)(a), commonly known as "speedy trial" grounds.

22.    The arrest, criminal charges and prosecution of LU were made without probable

cause, legal or moral justification.  LU did not steal the contents of Ms. Romaine's wallet and

the defendants had no right to arrest and prosecute him on charges that he did so.

23.    LU was immediately incarcerated upon his arrest and was not released until the

next day.

24.    As a result of LU's arrest and the criminal charges against him, LU was

immediately suspended without pay or benefits from his employment at Starbucks.  He was not

reinstated until the criminal case against him was dismissed, during which time LU missed the opportunity to a promotion which he anticipated receiving.

25.    As a result of LU's arrest and the criminal charges against him, LU was required to retain a lawyer to defend him.  LU paid his criminal defense lawyer a fee of $10,000.00 for her services.

26.    Despite knowing that he had not committed that crimes with which the defendants had charged him, the arrest, incarceration and prosecution were, and continue to be, a source of anxiety, embarrassment, humiliation and emotional distress for LU.

### J U R I S D I C T I O N    A N D    V E N U E

27.    This Court has jurisdiction over plaintiff's claims under 42 USC §1983 pursuant to 28 USC §1331.

28.    This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC §1367.

29.    This Court is a proper venue for plaintiff's claims pursuant to 42 USC §1391(b)(2) in that the jurisdiction of this Court is not founded solely on diversity of citizenship and the Southern District of New York is a judicial district in which a substantial part of the events or omissions giving rise to the plaintiff's claims occurred.

### N O T I C E S    O F    C L A I M

30.    On August 15, 2011 prior to the commencement of this action LU's attorney served the CITY with a *Notice of Claim*, in writing, in accordance with General Municipal Law §50(e).

-5-

31.    On October 25, 2011 LU's attorney served the CITY with another *Notice of Claim*, to correct a clerical error in the original *Notice of Claim* which stated the date of LU's arrest as January 12, 2010, instead of January 12, 2011.

32.    On February 10, 2012 LU's attorney wrote to the CITY Comptroller's Office and advised that while LU's *Notice of Claim* for his false arrest claim was late, the claim for malicious prosecution was timely, given that the claim for malicious prosecution accrues upon termination of the criminal case in claimant's favor.  LU's attorney further advised the CITY Comptroller's Office that should they wish to conduct a hearing of LU, he would be produced.

33.    The CITY did not respond to the letter of February 10, 2010 from LU's attorney.

34.    No hearing has been held pursuant to General Municipal Law §50(h).

35.    On March 1, 2012 the plaintiff commenced an action in New York State Supreme Court, New York County, by *Order to Show Cause* pursuant to General Municipal Law §50-e which seeks an order deeming the *Notice of Claim* served on August 15, 2011 to have been properly and timely served, nunc pro tunc.  Said action has been assigned index number 150395/2012 and is presently before Hon. Arthur F. Engoron.

36.    Plaintiff's *Order to Show Cause* is pending and no decision has been issued.

37.    This case has not been settled or adjusted.

38.    This action was commenced within one year and ninety days of the occurrence complained of herein.

39.    The plaintiff has complied the prerequisites for bringing this action, as set forth above.

## DEMAND FOR TRIAL BY JURY

40.     Plaintiff demands a trial by jury on all causes of action asserted herein.

### FIRST CAUSE OF ACTION - VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

41.     The plaintiff repeats and realleges each allegation to this point as if fully set forth herein.

42.     The above described actions of the defendants resulted in the unlawful arrest, detention, imprisonment and prosecution of LU.

43.     The defendants' actions deprived LU of certain rights, privileges, and immunities to which he was entitled under the United States Constitution, the New York State Constitution and 42 USC §1983.

44.     In particular the defendants' conduct of continuing the prosecution against LU until it lapsed on speedy trial grounds, despite knowing that the evidence against LU was lacking, was either the result of an official policy or unofficial custom.

45.     By reason of the foregoing, LU sustained damages as described above.

46.     As a result, the defendants are liable to LU for a sum to be determined at the time of trial.

### SECOND CAUSE OF ACTION - FALSE ARREST AND IMPRISONMENT

47.     The plaintiff repeats and realleges each allegation to this point as if fully set forth herein.

48.    The above described actions of the defendants constituted an unlawful arrest and imprisonment of LU in that the defendants knew, or should have known, that their arrest and imprisonment of LU was made without probable cause, legal or moral justification.

49.    By reason of the foregoing, LU sustained damages as described above.

50.    As a result, the defendants are liable to LU for a sum to be determined at the time of trial.

### THIRD CAUSE OF ACTION - MALICIOUS PROSECUTION

51.    The plaintiff repeats and realleges each allegation to this point as if fully set forth herein.

52.    The defendants, individually and collectively, intentionally, knowingly, recklessly, negligently and maliciously caused the commencement of a criminal prosecution against plaintiff upon the filing of an accusatory instrument, without probable cause.

53.    The defendants caused plaintiff to be falsely charged with seven felony counts of violations of New York's Penal Law.

54.    That defendants, their agents, servants and/or employees, negligently and wrongfully continued to prosecute plaintiff even though they knew or should have known that the criminal complaint, upon which said the criminal prosecution was based, contained material falsehoods and that continued prosecution of the plaintiff was inappropriate under the circumstances.

55.    By reason of the foregoing, LU sustained damages as described above.

56.    As a result, the defendants are liable to LU for a sum to be determined at the time of trial.

## FOURTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57.    The plaintiff repeats and realleges each allegation to this point as if fully set forth herein.

58.    The aforementioned acts of defendants in arresting and prosecuting the plaintiff with seven felony counts, where the video surveillance evidence so clearly and obviously did not support the charges against the plaintiff, were outrageous and beyond any norms acceptable to society.

59.    That defendants acted with the desire and intent to cause the plaintiffs undue emotional distress or acted under circumstance known to them which made it substantially certain that they would cause such emotional distress.

60.    That defendants acted with utter disregard of the consequences of their actions.

61.    As a result the plaintiff sustained injuries and damages previously described in this complaint, including emotional distress in the form of, among other things, stress, anxiety and humiliation.

62.    As a result, the defendants are liable to LU for a sum to be determined at the time of trial.

## FIFTH CAUSE OF ACTION - NEGLIGENCE

63.    The plaintiff repeats and realleges each allegation to this point as if fully set forth herein.

64.     The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

65.     As a result of the aforesaid, plaintiffs sustained the injuries and damages previously described in this complaint.

66.     As a result, the defendants are liable to LU for a sum to be determined at the time of trial.

## SIXTH CAUSE OF ACTION - NEGLIGENT HIRING   AND   RETENTION

67.     The plaintiff repeats and realleges each allegation to this point as if fully set forth herein.

68.     The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

69.     The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

70.     As a result of the aforesaid the plaintiff sustained the injuries and damages previously described in this complaint.

-10-

Exhibit "A"  -  Criminal Complaint Against LU

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Page 1 of 1

| THE PEOPLE OF THE STATE OF NEW YORK | FELONY |
| -against- | ADA TIERNEY |
| | 212-335-9520 |
| **1. Raymond Lu (M 25)**    ECAB # | |
| 1185085 | |
| Defendant. | |

Police Officer Jacob Habib, shield 07009 of the 013 Detective Squad, states as follows:

On December 17, 2010, at about 14:00 hours inside of Starbucks at 684 Avenue of the Americas in the County and State of New York, the Defendant committed the offenses of:

1.    PL155.30(4)    Grand Larceny in the Fourth Degree
                     (7 counts)

the defendant stole a credit or debit card.

The offenses were committed under the following circumstances:

Deponent states that deponent observed the following on video surveillance from the above location: (i)an individual known to the District Attorney's Office drop a wallet on to the ground (ii)a store employee known to the District Attorney's Office pick up said wallet and hand it to the defendant (iii)no other individuals touching the wallet until the employee picked it up and handed it to the defendant (iii)the defendant looking through said wallet (iv) multiple items inside of the wallet when the defendant looked through it.

Deponent is further informed by informant one that a short time later she returned to Starbucks and was handed her wallet back with no items in it.  Deponent is further informed that when informant dropped said wallet it contained seven (7) credit cards, United States currency, and 2 gift cards.

Deponent further states that defendant stated in substance to the deponent that the wallet was empty when he received it and that there were no items inside of it.  Deponent further states that video depicts that no one other than the first Starbucks employee had possession of the wallet until the defendant and the defendant was the only person to look inside of the wallet.

**False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.**

_____          _____
Deponent                                    Date and Time

ACT 5 Version 4.3.5 Created on 01/12/11 8:13 PM

_____                    _____
Deponent                                   Date and Time

71.    By reason of the foregoing, defendants are liable to the plaintiff for a sum that will be determined at the time of trial.

**SEVENTH CAUSE OF ACTION - ATTORNEY'S FEES**

72.    The plaintiff repeats and realleges each allegation to this point as if fully set forth herein.

73.    The plaintiff has and will continue to incur attorneys' fees in the prosecution of this action.  In the event that the plaintiff is successful in the prosecution of this action, then the plaintiff will be prevailing party within the meaning of 42 USC §1988 and will be entitled to the recovery of said attorneys fees from the defendants.

74.    As a result, defendants are liable to plaintiff for a sum that will be determined at the time of trial.

**WHEREFORE**, the plaintiff demands judgment against the defendants herein on all causes of action together with attorney's fees, costs and disbursements of this action.

Dated: New York, New York
           March 20, 2012

SAKKAS, CAHN & WEISS, LLP

By: _____
MATTHEW SAKKAS, ESQ. (WMS 3351)
Attorneys for Plaintiff
150 Broadway, Suite 1307
New York, N.Y.  10038
Tel:   (212)571-7171
Fax:   (212)571-7174

-11-

UNITES STATES DISTRICT COURT                    Docket No.:
SOUTHERN DISTRICT OF NEW YORK

RAYMOND LU,

                                      Plaintiff,

                   -v.-

CITY OF NEW YORK, JACOB HABIB, ASHA WHITE
and ERIN TIERNEY,

                                      Defendants.

## *COMPLAINT*

### *SAKKAS, CAHN & WEISS, LLP*
Attorneys for Plaintiff
150 Broadway, Suite 1307
New York, N.Y.  10038
Tel:(212)571-7171
Fax:(212)571-7174